UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Jeffrey Josuee Lopez-Suazo<br>*also known as*<br>Jeffrey Lopez-Suazo,<br><br>　　　　　　Defendant. | Case No. 25-cr-00457-NEB-EMB<br><br>**CASE MANAGEMENT<br>ORDER** |

　　　A grand jury of this District returned an indictment in this case, which was docketed on December 2, 2025. (Dkt. No. 12.) Defendant Jeffrey Josuee Lopez-Suazo was arraigned before Magistrate Judge Elsa M. Bullard on December 3, 2025. (Dkt. No. 15.) The Court held a status conference on December 22, 2025. The United States was represented by Assistant United States Attorney Laura Trosen, and the Defendant was represented by Kate Adams of the Office of the Federal Defender. The Defendant was not present at the status conference due to being removed to Texas against his will.

　　　In the interests of judicial economy and speedy trial considerations, the Court addresses certain matters in this Order that frequently arise through non-dispositive motion practice without the need to have the parties file motions on those matters. Defendant or the Government may object to these

requirements by filing a Motion to Modify this Order within **7 days** to be heard by the undersigned.

**DISCLOSURE DEADLINES AND REQUIREMENTS**

1.  Within **7 days** of the date of this Order, the Government must disclose all *Brady/Giglio*[1] information in its possession or of which it has become aware as of the date of this Order, if not previously disclosed, and must promptly supplement its disclosure upon receipt of any additional *Brady/Giglio* information not previously disclosed.

2.  The Government is ordered to preserve the rough notes of the law enforcement officers who participated in the investigation of this case. Disclosure of rough notes, however, is not required by this Order.

3.  The Court cannot require the parties to disclose witness statements before a witness testifies at a trial or hearing. The Jencks Act provides that "no statement or report in the possession of the Government which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. The Eighth Circuit has repeatedly held that the Government cannot be required to make pretrial disclosure of

---

[1]   *See Brady*, 373 U.S. at 83; *Giglio v. United States*, 405 U.S. 150 (1972).

2

Jencks Act material. *See, e.g., United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). However, to avoid unnecessary delay of a hearing or trial, the Court urges the parties to voluntarily disclose witness statements at least one week before any hearing or trial. This paragraph does not alter the Government's obligations with respect to material required to be disclosed by *Brady*, *supra*, and its progeny.

4.  No later than 21 days before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts that are not inextricably intertwined with the charged crime. *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013). To the extent the Government becomes aware of additional Rule 404(b) evidence after that disclosure, it shall promptly disclose that evidence. Nothing in this Order requires the Government to produce evidence regarding acts that are "intrinsic" to the charged offense. However, if the Government believes that evidence at issue might be "intrinsic" to the charged offenses but recognizes that it may present a close call as to whether it is covered by Rule 404(b), the Government should include such information in the notice required by this Order so that its admissibility can be addressed ahead of trial.

5.  Consistent with *Roviaro v. United States*, 353 U.S. 53 (1957), *United States v. Padilla*, 869 F.2d 372 (8th Cir. 1989), and their progeny, the Government shall disclose the identity of any informant who was a material

witness to the charged conduct and make any such informant available no later than 10 days ahead of any trial in this matter.

6.   The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than 28 days before trial. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than 14 days before trial.

7.   The parties should address issues related to trial matters such as voir dire, severance, and the sequestration of witnesses with the District Judge.

**MOTION PRACTICE AND DEADLINES**

Pursuant to Local Rule 12.1 (copy attached), **IT IS ORDERED** that:

8.   On or before **December 31, 2025**, counsel for Defendant and counsel for the Government must meet for a discovery conference in person or by telephonic or similar means. D. Minn. L.R. 12.1(a)(1). All motions must be accompanied by a meet-and-confer statement that is signed by the attorney filing the motion. The parties must meet and confer in a good-faith attempt to narrow the issues presented by the motion, and to ensure that both parties are aware what witnesses and evidence they potentially will need at a motions hearing. D. Minn. L.R. 12.1(b). The meet-and-confer process must be

conducted either in person or by telephonic or similar means. The meet-and-confer statement filed with the Court must state the date, time, manner (in person or telephonic), and outcome of the meet and confer process.

9. All motions, non-dispositive and dispositive, in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **January 7, 2026**.

10. If there is no need for a motions hearing, either because no motions were filed, or for any other reason, both counsel must electronically file a letter saying so on or before **January 7, 2026**, or immediately upon the occurrence of the event making a motions hearing unnecessary if that event occurs after **January 7, 2026**.

11. All responses to motions must be filed by **January 21, 2026.**

12. Any Notice of Intent to Call Witnesses must be filed by **January 21, 2026**.

13. Any Responsive Notice of Intent to Call Witnesses must be filed by **January 26, 2026**.

14. If Defendant files a motion to suppress, the accompanying memorandum must detail the specific facts and circumstances supporting suppression. Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based . . . ."); *United States v. Quiroz*, 57 F. Supp. 2d 805, 822–23 (D. Minn. 1999) (denying "boilerplate" motion to suppress for failure to state

5

"specific legal and factual grounds," among other things), *aff'd sub nom. United States v. Vasquez*, 213 F.3d 425 (8th Cir. 2000). If necessary, a Defendant "asserting Fourth Amendment rights must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *United States v. Russell*, 847 F.3d 616, 618 (8th Cir. 2017) (quotations omitted). Conclusory statements made based upon evidence to be adduced at the motions hearing are not sufficient to provide the Court and opposing counsel notice of the issues. Any motion to suppress not meeting these standards may, in the Court's discretion, be recommended for dismissal for lack of specificity, or may be returned to the filing attorney with a direction to cure, within a specified time, particular shortcomings identified by the Court.

15. Should a Motions hearing be necessary, the parties are to contact the Courtroom Deputy for Magistrate Judge Elsa M. Bullard to confirm a date.

## **TRIAL**

IF NO PRETRIAL MOTIONS ARE FILED BY DEFENDANT: the following trial and trial-related dates are:

> **Voir Dire and Jury Instructions shall be filed with District Judge Nancy E. Brasel's chambers on or before January 20, 2026.**

**Trial will commence before District Judge Nancy E. Brasel at 9:00 a.m. on January 26, 2026, in Courtroom 13W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.**

IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.

Dated: December 29, 2025           *s/Elsa M. Bullard*
                                   ELSA M. BULLARD
                                   United States Magistrate Judge